UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE KAISER-FRANCIS OIL COMPANY, <br> F/K/A WATERFORD ENERGY, INC., <br> *Appellant*. | § § § § § | CIVIL ACTION NO. H-07-1399 |

---

| | | |
|---|---|---|
| KAISER-FRANCIS OIL COMPANY, <br> F/K/A WATERFORD ENERGY, INC. <br> <br> *Plaintiff*, <br> <br> v. <br> <br> STATE OF OKLAHOMA, EX REL. <br> COMMISSIONERS OF THE LAND OFFICE, <br> <br> *Defendants*. | § § § § § § § § § § § § § | BANKRUPTCY CASE NO. 90-06112-H5-11 <br> <br> ADVERSARY NO. 04-3839 |

**ORDER**

Before the court is Kaiser-Francis Oil Company's appeal from the bankruptcy court's order granting the State of Oklahoma's motion to dismiss for failure to state a claim upon which relief can be granted. Dkt. 7. After considering the briefs of the parties, the record on appeal, and the applicable law, the bankruptcy court's order is AFFIRMED.

**I.  BACKGROUND**

Waterford Energy, Inc. owned a working interest in mineral leases in Beaver and Texas Counties in Oklahoma. The State of Oklahoma Schools Lands Trust has a royalty interest in the those same mineral leases ("the Trust Leases"). On August 31, 1990, Waterford filed a chapter 11 bankruptcy case in the Southern District of Texas. It is undisputed that Waterford did not give notice of its reorganization case to its royalty owners either by mail or by publication. *See* Dkt. 7 at 15.

The plan was confirmed on February 19, 1991. Under its terms, Waterford merged into Kaiser and retained its assets including its working interest in the producing oil and gas wells on the Trust Leases. *See generally*, Dkt. 3 at 25.

In November of 2002, on behalf of the Trust, the Commissioners of the Land Office ("CLO") asserted claims against Kaiser for underpaid royalties based on a mis-allocation of post-production costs. Kaiser initiated an adversary proceeding in the bankruptcy court seeking a declaratory judgment that the CLO's claims had been discharged under the plan. Kaiser argued that the CLO was an unknown creditor[1] and as such was entitled to only constructive notice of the reorganization. Kaiser further argued that constructive notice had been given to the CLO pursuant to Title 19, Sections 262 and 263 of the Oklahoma Statutes. Those sections read:

> Copies of any and all petitions, or orders or decrees of any United States Court, in bankruptcy proceedings, duly certified as correct by the Clerk of such Court or his Deputy, may be filed and recorded in the office of any County Clerk of this state. Said County Clerk shall accept the same for filing when certified by the Clerks of said Courts as true copies of said instruments and file and record the same in his office and also shall cause the same to be indexed.

OKLA. STAT. tit. 19 § 262.

> All of such certified copies of said petitions, orders or decrees so filed, whether acknowledged or not, shall be constructive notice of their contents from and after the filing and recording thereof.

§ 263. Kaiser urged that since it had complied with Oklahoma law by recording a copy of its chapter 11 reorganization case with both Beaver and Texas Counties, the notice was sufficient—especially against the state itself—to bind the CLO under the plan. The CLO moved to dismiss the suit based

---

[1] The CLO argues that it was not an unknown creditor and should have received actual notice rather than constructive notice. Because the court finds that the notice given was not sufficient to satisfy even the lower standard of constructive notice, it need not address the issue of whether the CLO was known or unknown.

2

on several grounds, including that the CLO had not received proper notice.

## II.  ANALYSIS

In a well-reasoned opinion, the bankruptcy court explained that the Oklahoma statutes were never intended to address notice of a reorganization suit. Dkt. 3. Instead the statutes, like those in many other states, were drafted to give notice to potential bona fide purchasers of real property at issue in a bankruptcy proceeding. *See Viersen v. Boettcher*, 387 P.2d 133, 138 (Okla. 1963) (explaining that the Oklahoma statutes were drafted in reaction to the 1938 revision of the Bankruptcy Act regarding notice to subsequent bona fide purchasers of real property). The bankruptcy court further explained that notice of a bankruptcy suit was governed not by state law, but by the federal bankruptcy code and rules. *In re Buttes Gas & Oil Co.*, 182 B.R. 493, 497 (Bankr. S.D. Tex. 1994) ("The general rule is that where form of notice is specified by statute such form is exclusive.") (internal quotations omitted). And, the rules regarding notice to parties in interest are clear that notice must be by mail or, with prior permission of the court, by publication or another method deemed satisfactory by the court. FED. R. BANKR. P. 2002(a), (b), (l) & (m); 11 U.S.C. § 342. *See also* FED. R. BANKR. P. 9008 ("Whenever these rules require or authorize service or notice by publication, the court shall, to the extent not otherwise specified in these rules, determine the form and manner thereof, including the newspaper or other medium to be used and the number of publications."). Therefore, the bankruptcy court concluded that the Oklahoma statutes regarding notice to bona fide purchasers were not sufficient constructive notice to pass constitutional muster.[2]

---

[2] Subsequent to this ruling, Kaiser moved for reconsideration. Dkt. 3 at 776. Kaiser argued that it had adduced sufficient evidence to raise a fact issue as to whether the CLO had *actual* notice of the reorganization case. *Id.* Kaiser pointed to an internal CLO memo dated July 1992 asking for an audit of the Waterford leases. *Id.* at 782. However, the memo is dated almost a year and a half after the confirmation of the plan. The memo gives no indication that the CLO knew of the

This court agrees. *Buttes*, 182 B.R. at 497("The doctrine of constructive notice, which creates fiction and deals with hypothetical facts, is a harsh doctrine which should be resorted to reluctantly and construed strictly. ") (citing *Amoco Prod. Co. v. United States*, 619 F.2d 1383 (10th Cir.1980)). Accordingly, the bankruptcy court's reasoning is adopted in full and AFFIRMED.

    It is so ORDERED.

    Signed at Houston, Texas on October 11, 2007.

                                                                      Gray H. Miller
                                                                    United States District Judge

---

Waterford reorganization before its confirmation. Therefore, the bankruptcy court quite rightly denied Kaiser's motion. *Id.* at 808.